UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

SARAH CHARLES,

                                     CASE NO.:

    Plaintiff,

v.

AMERICAN GUARD SERVICES, INC.,
a Foreign Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SARAH CHARLES ("Ms. Charles" or "Plaintiff") files this Complaint against Defendant, AMERICAN GUARD SERVICES, INC., ("Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA").

2. Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, declaratory relief, and her attorneys' fees and costs.

## JURISDICTION, VENUE AND FMLA COVERAGE

3. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 *et seq.*

4. At all times relevant hereto, Plaintiff was an employee of Defendant and worked for Defendant in Miami-Dade County, Florida.

5. At all times relevant, Defendant was an employer covered by the FMLA, because it was engaged in commerce, or in an industry affecting commerce, who employed fifty (50) or more employees within seventy-five (75) miles of where Plaintiff worked, for each working day during each of twenty (20) or more calendar workweeks during the relevant period of time.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) necessitated medical leave for her serious medical condition; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

7. Ms. Charles worked as a Security Officer for Defendant from August 5, 2015, until her termination on July 16, 2019.

8. During her employment, Ms. Charles was an excellent employee, who had no significant history of non-FMLA related attendance, disciplinary, or performance issues.

9. On or around May 30, 2019, Ms. Charles notified her manager about her need to undergo a serious surgical procedure, Myomectomy.

10. She provided all the proper medical documentation evidencing her June 7, 2019, scheduled Myomectomy.

11. At that time, Defendant should have provided Ms. Charles with the proper documentation advising her of her rights and obligations under the FMLA.

12. Defendant failed to do so.

13. Defendant's failure, alone, constitutes a clear violation FMLA's protections against interference.

14. On June 7, 2019, Ms. Charles successfully underwent her Myomectomy.

15. However, several weeks into her recovery, on July 10, 2019, Defendant abruptly terminated Ms. Charles and requested that she return her uniform immediately.

16. In response, Ms. Charles explained that she was still in recovery and could provide medical documentation as proof of her recovery.

17. Reluctantly, Defendant agreed to allow her to submit the medical documentation.

18. Defendant was forcing Ms. Charles to return to work prior to having fully recovered from her Myomectomy.

19. In doing so, Defendant's actions blatantly violated the FMLA by interfering with Ms. Charles' right to twelve (12) weeks of what should have been protected FMLA leave.

20. On July 16, 2019, the date of her first available doctor's appointment, she received her medical documentation and provided them to American Guard Services that same day.

21. Not surprisingly, without any explanation or reason, Defendant failed to ever schedule Ms. Charles for work, effectively terminating her employment on July 10, 2019.

22. The timing of Plaintiff's termination, after her continued use of what should have been FMLA leave, demonstrates that Defendant interfered with and retaliated against Ms. Charles for attempting to exercise her FMLA rights.

23. Moreover, because Defendant acted with intent to interfere with, and otherwise retaliate against Plaintiff for her use of what should have been FMLA leave, Defendant's actions likewise constitute FMLA retaliation.

24. The timing of Plaintiff's attempted use of protected FMLA leave, and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected activity, and the illegal actions taken against her by Defendant.

25. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

26. Defendant did not have a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

27. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## **COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA**

28. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-27 above.

29. At all times relevant hereto, Plaintiff was protected by the FMLA.

30. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

31. At all times relevant hereto, Defendant interfered with Plaintiff by failing to advise Plaintiff of her rights and obligations under the FMLA, and for refusing to allow Plaintiff to exercise her FMLA rights.

32. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

33. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief,

reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- RETALIATION UNDER THE FMLA

34.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-27, above.

35.     At all times relevant hereto, Plaintiff was protected by the FMLA.

36.     At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

37.     At all times relevant hereto, Defendant retaliated against Plaintiff by firing her for her attempted use of FMLA protected leave, and/or for her use of what should have been FMLA leave.

38.     Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised and/or attempted to exercise her rights to take leave pursuant to the FMLA.

39.     As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising and/or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

40.      As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 27th day of January 2021.

    Respectfully Submitted,

By**:*/s Noah E. Storch***
Noah E. Storch, Esq.
Florida Bar No. 0085476
Richard Celler Legal, P.A.
10368 West State Road 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com
*Attorneys for Plaintiff*